UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

CHANTEL ANTIONETTE  )
JOHNSON, )
 )
      Plaintiff, )
 )
v. ) CV422-255
 )
ACHIKE CHRISTOPHER )
ORANYE, *et al.*, )
 )
      Defendants. )

## ORDER AND REPORT AND RECOMMENDATION

*Pro se* plaintiff Chantel Antionette Johnson filed this case against multiple defendants. *See generally* doc. 1. Her factual allegations occupy more than thirty pages and allege conduct dating back to 2013. *See* doc. 1 at 9-53. The allegations themselves are rambling, vague, and frequently fantastical, as discussed more fully below. She also moves to pursue this case *in forma pauperis*. Doc. 2. Because it appears that she lacks the funds necessary to pay the filing fee, that Motion is **GRANTED**. Doc. 2. However, because Johnson's Complaint is frivolous it should be **DISMISSED**.

Johnson's allegations begin with her encounter with defendant Oranye and "other staff members" of an organization called "People

1

Encouraging People" in 2013, and continue through at least 2018. Doc. 1 at 9. She alleges that Oranye and others have actively interfered with various medical and social services since that time, predominantly in the Baltimore, Maryland area. *See id.* at 9-17, 21-29. There are also allegations concerning contact with an individual that Johnson alleges was a music producer. *Id.* at 17-20. She alleges interference with online accounts (*i.e.* Amazon and Apple). *Id.* at 30-32. She recites difficulties she encountered working at an Amazon warehouse. *See id.* at 32-34, 38-42. She alleges that an assault she suffered in Maryland was not properly investigated. *Id.* at 35-37. The only allegations related to this District involve complaints about treatment she received at a local hospital and local hotels. *Id.* at 21, 42-45. She also discusses problems she encountered looking for a job in Atlanta, Georgia. *Id.* at 46-49. Her allegations conclude with a description of her applications for jobs at a Waffle House and a gas station in Hardeeville, South Carolina in August 2022. *Id.* at 50-52.

Despite the breadth of Johnson's narrative, and the lack of any allegation of clearly tortious conduct by a named defendant, her Complaint might not be frivolous, but for the thread of alleged conspiracy

which purportedly ties the events together.  Most troubling are her repeated vague assertions that Oranye is responsible for difficulties she encounters.  *See, e.g.,* doc. 1 at 20 (Based on several things Mr. Robinson said and his behavior I felt like Mr. Oranye was involved."), 23 ("Mr. Oranye put a woman up to calling me from a number similar to mine and called me a 'Bitch.'), 28 ("Mr. Oranye and his associates use me as a guinea pig and conduct research on me constantly; that is his justified way of stalking and harassing me and my daughter.").  Her concluding allegations, describing events in South Carolina, should suffice to illustrate the implausibility.

> I know Mr. Oranye is involved because on one occasion in particular a woman was standing at the register talking to a cashier when I walked in.  After [stricken] I got my items. While I was getting my items, with other people around, the woman circled the area then came over to me and asked me if I knew where to get something.  I told her where to get the item, but she did not go over to get it, and she could have asked the cashier or one of the other people.
> That same evening someone instructed another cashier to tell me something strange about putting money back on my daughter's card.  My daughter and I are together and we use each other's bank cards with one another's permission.

> However, when the incident happened at the Red Roof Inn plus, they treated us like we were committing a crime.

Doc. 1 at 52-53 (unedited).

Given the substance of Johnson's Complaint, it appears that, at least the conspiratorial elements, are the product of delusional thinking. While it is possible that some of the conduct alleged, like the alleged assaults, might be actionable, the Complaint as a whole is frivolous. The Supreme Court has explained that "a complaint . . . is frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Although dismissal where a defendant has not filed an answer is not preferred, it is permissible where the complaint is "patently frivolous."[1] *Jefferson Fourteenth Assocs. v. Wometco de Puerto*

---

[1] Although the frivolity of Johnson's Complaint obviates any requirement that she be provided notice or an opportunity to respond, this Report and Recommendation provides such notice, and the fourteen-day objection period, discussed below, provides her with an opportunity to explain why this case should not be dismissed. *See, e.g., Tazoe v. Airbus S.A.S.*, 631 F.3d 1321, 1336 (11th Cir. 2011) (noting that dismissal *sua sponte*, except where a complaint is frivolous, requires that the "district court . . . provide the plaintiff with notice of its intent to dismiss or an opportunity to respond." (internal quotation marks and citation omitted)); *Shivers v. Int'l Broth. of Elec. Workers Local Union 349*, 262 F. App'x 121, 125, 127 (11th Cir. 2008) (recognizing magistrate judge's issuance of a report and recommendation and opportunity to object provided sufficient notice and opportunity to respond to support *sua sponte* summary judgment); *Crosson v. LaSalle Bank, N.A.*, 2009 WL 10711904, at *12 (N.D. Ga. Aug. 7, 2009) ("*Sua sponte* dismissal is appropriate because . . . Plaintiff will have notice and opportunity to respond because she can object to this Report and Recommendation."), *adopted* 2009 WL 10711898 (N.D. Ga. Aug. 28, 2009).

*Rico, Inc.*, 695 F.2d 524, 526 (11th Cir. 1983); *see also Davis v. Kvalheim*, 261 F. App'x 231, 234 (11th Cir. 2008) ("We have recognized that district courts have the inherent power to *sua sponte* dismiss frivolous suits without giving notice to the parties."); *Rosetta v. United States*, 2017 WL 4415674, at *1-2 (S.D. Ga. Aug. 29, 2017), *adopted* 2017 WL 4391720 (S.D. Ga. Sept. 29, 2017).

The Supreme Court has further explained that the statute authorizing proceedings *in forma pauperis* gives the Court "the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke*, 490 U.S. at 327. "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Considered in its totality, Johnson's Complaint presents precisely the sort of "fantastic or delusional scenario[ ] . . . with which federal judges are all too familiar." *Neitzke*, 490 U.S. at 327 (internal quotation marks and citation omitted). The Court should, therefore, **DISMISS** the Complaint as frivolous. Doc. 1.

This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*,

648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO ORDERED AND REPORTED AND RECOMMENDED,** this 4th day of November, 2022.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA